IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                          CASE NO. 07CR20040

DARRELL JAN BENNETT                                         DEFENDANT

## O R D E R

Before the Court is Defendant's Motion to Dismiss the Indictment (Doc. 31) and the United States' Response (Doc. 36). The Court, being well and sufficiently advised, finds that Defendant's Motion should be DENIED.

Defendant was charged in the indictment with failure to register pursuant to 18 U.S.C. § 2250, the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. § 16901 *et seq.* ("Adam Walsh Act"). This act concerns a defendant who "knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act ("SORNA").

Defendant contends the indictment is defective in two ways. One, there is no evidence Defendant traveled in interstate commerce, an essential element of the offense, after the effective date of the law. Defendant asserts that retroactive application of the law would violate the United States Constitution's prohibition against *ex post facto* laws. Two, Defendant was never notified of his requirement to register under SORNA, as required by SORNA's own provisions.

This Court has previously ruled that SORNA is not an *ex post facto* law as have the majority of district courts that have considered the issue.  *See United States v. Hulen,* 2007 WL 2343885 (W.D. Ark. Aug. 15, 2007); *United States v. Torres,* 2007 WL 2343884 (W.D. Ark. Aug. 15, 2007); *United States v. Marcantonio,* 2007 WL 2230773 (W.D. Ark. July 31, 2007); *United States v. Mason*, 2007 WL 1521515 (M.D. Fla. May 22, 2007); *United States v. Hinen*, 2007 WL 1447853 (W.D. Va. May 12, 2007); *United States v. Markel*, 2007 WL 1100416 (W.D. Ark. Apr. 11, 2007); *United States v. Manning*, 2007 WL 624037 (W.D. Ark. Feb. 23, 2007); *United States v. Templeton*, 2007 WL 445481 (W.D. Okla. Feb. 7, 2007); *United States v. Madera*, 474 F. Supp.2d 1257 (M.D. Fla. 2007).  Defendant cites one district court case, *United States v. Smith*, 481 F.Supp.2d 846 (E.D. Mich. 2007), in which the court reached a different conclusion and dismissed the indictment.  This Court is unpersuaded by the reasoning in *Smith*.  *See also, Hulen and Torres, supra*.

Defendant's second argument concerns his lack of knowledge of the requirement to register as a sex offender under Section 2250.  Defendant contends he was never informed of his duties under SORNA as required by the statute.  However, Section 2250 requires the defendant "knowingly fail[ed] to register or update a registration as required by the Sex Offender Registration and Notification Act."  A defendant is required by SORNA to comply

with registration obligations as imposed by other laws. SORNA also imposes its own registration obligations in some instances. The Defendant was informed, at least in June of 1999 of his obligation to register as a sex offender and on June 1, 1999, Defendant registered as a sex offender in the state of Oklahoma. The Oklahoma Notice of Duty to Register form signed by Defendant required him to register a new address with the Oklahoma Department of Corrections and with a designated law enforcement agency in a new state no later than ten days prior to establishing residence. Defendant was residing in Arkansas when he was arrested on May 23, 2007, and he had never registered in Arkansas.

Although Defendant's notice of his obligations to register as a sex offender was prior to the enactment of SORNA, a violation of SORNA requires that a defendant knowingly fail to register or update a registration. A defendant can violate the law by failing to register or update a SORNA imposed registration obligation or a registration obligation imposed by another law.

In *Madera*, the Defendant signed a sexual registration form from New York dated May 1, 2006, which was prior to the enactment of SORNA. This form informed the defendant he must register as a sex offender within ten days of establishing a residence if he moved to another state. The *Madera* court found

the defendant was "on fair notice that he was required to register as a sex offender." *Madera* at 1262. Accordingly, no new duties were imposed by SORNA nor did SORNA impair any rights of the defendant when he failed to register. The same is true in our case as Defendant knew he was under an obligation to register and no new duties were given to him. Moreover, the Supreme Court has held that ignorance of the law is generally no excuse to break the law, even in offender registration contexts, where the necessity of registration is likely to be known. *See Lambert v. California*, 355 U.S. 255 (1957).

For the above stated reasons, Defendant's Motion to Dismiss Indictment (Doc. 31) is DENIED and this matter remains set for a jury trial on Monday, October 22, 2007.

IT IS SO ORDERED this 27th day of August, 2007.

                                        */s/ Robert T. Dawson*
                                        Honorable Robert T. Dawson
                                        United States District Judge

AO72A
(Rev. 8/82)